**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-5094**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CARLOS JOSEPH DAVILA,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T.S. Ellis, III, Senior District Judge.  (1:98-cr-00208-TSE-1)

---

Submitted:  June 14, 2012          Decided:  June 19, 2012

---

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Gregory B. English, THE ENGLISH LAW FIRM, PLLC, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, A. Marisa Chun, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Joseph Davila appeals the revocation of his supervised release, contending that the district court violated his right of confrontation by limiting his cross-examination of the arresting officer. We affirm.

During the supervised release revocation hearing, the government presented evidence of Davila's involvement in a sale of cocaine to a confidential informant. After the arresting officer testified, defense counsel subjected him to cross-examination, pointing out some inconsistencies in his testimony. In his defense, Davila—represented by new counsel—called the arresting officer as a witness and subjected him to further inquiry about inconsistencies in his testimony. The court noted that Davila already had conducted cross-examination of this witness and suggested that counsel narrow the focus of his questioning. After a recess, counsel continued to question the officer concerning inconsistencies. At no time did Davila state that he had further questions, nor does he assert on appeal that further inquiry would have elicited additional evidence. The record shows that Davila was afforded ample opportunity to cross-examine the officer. We conclude that the court's directive to Davila's counsel to prioritize his inquires did not violate Davila's right of confrontation. See Black v. Romano, 471 U.S. 606, 612 (1985) (providing for right to cross-examine

2

adverse witnesses, unless good cause found for not allowing confrontation).

In light of the substantial evidence that Davila violated his supervised release, the district court did not clearly err by finding that Davila violated his supervised release terms by possessing and distributing cocaine. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (providing for preponderance of the evidence standard of proof in revocation hearings). The minor inconsistencies in the officer's testimony brought forth during cross-examination were not sufficient to undermine the government's evidence. We discern no abuse of discretion in the district court's attempts to sharpen the focus of Davila's second cross-examination of the officer so as to move the proceeding along and to require the inquiries to be relevant. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (providing that court had wide latitude to control scope and extent of cross-examination); United States v. Sanchez, 118 F.3d 192, 196-97 (4th Cir. 1997) (providing standard and finding not abuse of discretion when court imposed reasonable limits on cross-examination).

Davila also challenges the district court's imposition of a twenty-month term of supervision following the thirty-two-month sentence of imprisonment. He contends that this portion of the sentence is illegal. Because the district court

corrected the judgment to reflect that the supervised release term following the revocation sentence was seventeen months, this issue is moot.

Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4